UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JENNIFER MILES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06CV110MLM |
| ) | |
| BELLFONTAINE HABILITATION CENTER, ) | |
| ) | |
| Defendant. ) | |

### ORDER

This matter is before the court on Plaintiff's Motion for Appointment of Counsel. [Doc. 4]

There is no automatic right to the appointment of counsel in a Title VII case. Slaughter v. City of Maplewood, 731 F.2d 587, 590 (8th Cir. 1984). Section 706(f) of Title VII, 42 U.S.C. § 2000E-5(f) provides that the court may appoint counsel "in such circumstances as the court may deem just." Hale v. North Little Rock Housing Authority, 720 F.2d 996, 997 (8th Cir. 1983).

There are three factors generally considered relevant in evaluation applications for appointment of counsel in Title VII cases: (1) The plaintiff's financial resources; (2) The plaintiff's efforts to obtain counsel and (3) The merits of the discrimination claim. Slaughter, 731 F.2d at 590; Hale, F.2d at 998. See also Caston v. Sears, Roebuck & Co.720 F.2d at 998. See also Caston v. Sears, Roebuck & Co., 556 F.2d 1305, 1309 (5th Cir. 1977); Bradshaw v. Zoological Society of San Diego, 663 F.2d 1301, 1318-19 (9th Cir. 1981).

In the present case the court cannot determine what steps plaintiff has taken to retain private counsel or the extent of plaintiff's financial resources. The motion filed by plaintiff merely says that she has made diligent efforts to obtain legal counsel but because of her poverty, she has been unable to retain counsel. [Doc. 4] The financial affidavit filed by plaintiff is not complete. [Doc. 2]

The court, therefore, cannot exercise reasoned and well-informed discretion without further information. Slaughter, 731 F.2d at 589.

ACCORDINGLY,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel is **DENIED** without prejudice at this time. [ Doc. 4]

**IT IS FURTHER ORDERED** that within thirty (30) days of the date of this order, plaintiff may resubmit the motion for appointment of counsel together with the following information:

1.) The specific steps taken by plaintiff to obtain counsel;
2.) The names and addresses of counsel contacted by plaintiff who refused to take plaintiff's case;
3.) Any other information that would impact on plaintiff's ability to retain counsel; and
4.) Plaintiff's financial resources including current employment and wages, current employment and wages of plaintiff's spouse, any other income, any cash on hand, any real estate, stocks, bonds, notes, automobiles or other valuable property (excluding ordinary household furnishings and clothing), the number, name and relationship of any dependants and the amount of monthly support, and all debts and monthly bills including housing expenses, and amounts owed to all creditors including banks, loan companies, charge accounts and credit cards.

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this ___9th___ day of February, 2006.