UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER MILES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:06CV00110MLM |
| | ) | |
| BELLEFONTAINE HABITATION CENTER, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter is before the court pursuant to the Motion to Dismiss filed by Defendant Bellefontaine Habitation Center ("Defendant"). Doc. 12. Plaintiff has filed a Response. Doc. 18. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 17.

## LEGAL STANDARD FOR A MOTION TO DISMISS

A court may dismiss a cause of action for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Alexander v. Peffer, 993 F.2d 1348, 1349 (8th Cir. 1993). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [its] claim." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). See also Bennett v. Berg, 685 F.2d 1053, 1058 (8th Cir. 1982) (a complaint should not be dismissed merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations). The court must review the complaint most favorably to the plaintiff and take all well-pleaded allegations as true to determine whether the plaintiff is entitled to relief. Conley, 355 U.S. at 45-46. A dismissal under Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff has presented

allegations that show on the face of the complaint that there is some insuperable bar to relief. Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994). . A civil rights complaint falls short of meeting "the liberal standard for notice pleading" when it is "entirely conclusory, giving no idea what acts the individual defendants are accused of that could result in liability." Frey v. City of Herculaneum, 44 F.3d 667, 672 (8th Cir. 1995). "At the very least" a civil rights complaint "must contain facts which state a claim as a matter of law and must not be conclusory." Id. at 671.

## BACKGROUND

Plaintiff titles her cause of action "Complaint under Title VII of the Civil Rights Act of 1964," 42 U.S.C. § 2000e, and alleges that she filed a charge with the Equal Employment Opportunity Commission ("EEOC") on June 27, 2005; that Defendant placed her on Family and Medical Leave Act ("FMLA") "job protection" from September 1, 2005 until November 23, 2005, due to a high risk pregnancy; that the EEOC issued a right to sue letter in regard to her June 2005 EEOC charge on September 19, 2005[1]; that Defendant was notified of the right to sue letter on about this same date; that Defendant issued her a termination letter dated September 30, 2005, which was a week after Defendant received notice of the right to sue letter; that Defendant retaliated against her because of the June 2005 charge of discrimination which she filed with the EEOC; that Defendant discriminated against her based on her race; and that Defendant "backtrack[ed] and stated that [it] fired" her on August 18, 2005 after it approved her for FMLA job protection.

Plaintiff further alleges that on October 17, 2005, she filed a charge with the Missouri Commission on Human Rights and with the EEOC in which she made the same allegations stated in

---

[1] Plaintiff also has pending in the United States District Court for the Eastern District of Missouri Case No. 4:05CV1966 in which she names Bellefontaine Habitation Center as the Defendant and alleges that a racial slur was made directly to her by another employee of a different race. Plaintiff attached to her Complaint in Case No. 4:05CV1966 a right to sue letter from the EEOC dated September 19, 2005.

2

her Complaint in the matter before this court and that the EEOC issued a right to sue letter on January 13, 2006 for the October 2005 charge.

In its Motion to Dismiss Defendant contends that it is not an employer within the meaning of Title VII, 42 U.S.C. § 2000e(b); that it is not an employer subject to suit under the FMLA, 29 U.S.C. § 2611(4)(A); that any claim which Plaintiff has under the self-care provisions of the FMLA is barred by the Eleventh Amendment; and that Plaintiff has failed to exhaust her administrative remedies because she filed the Complaint in the matter under consideration less than 180 days after she filed a charge with the EEOC. Plaintiff disputes the arguments made by Defendant in its Motion to Dismiss. Doc. 18.

**DISCUSSION**

Both Title VII and the MHRA[2] require a plaintiff to exhaust her administrative remedies by filing a Charge of Discrimination with the EEOC. Shannon v. Ford Motor Co., 72 F.3d 678, 684 (8th Cir.1996) (quoting Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir.1994)); Stuart v. Gen. Motors Corp., 217 F.3d 621, 630 (8th Cir. 2000) ("It is generally recognized that '[e]xhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts.'"). "Before the federal courts may hear a discrimination claim, an employee must fully exhaust [her] administrative remedies." Burkett v. Glickman, 327 F.3d 658, 660 (8th Cir.2003); "Administrative remedies are exhausted by the timely filing of a charge and the receipt of a right-to-sue letter." Faibisch v. Univ. of Minn., 304 F.3d 797, 803 (8th Cir.2002).

---

[2] The standards governing Title VII actions are the same standards which should be employed in determining the merit of claims brought pursuant to the MHRA. Buettner v. Arch Coal Sales Co., Inc., 216 F.3d 707, 715 (8th Cir. 2000); Smith v. St. Louis Univ., 109 F.3d 1261, 1264 n.2 (8th Cir. 1997); Tart v. Hill Behan Lumber Co., 31 F.2d 668, 671 (8th Cir. 1994).

"Because persons filing charges with the EEOC typically lack legal training, those charges must be interpreted with the utmost liberality in order not to frustrate the remedial purposes of Title VII." Cobb v. Stringer, 850 F.2d 356, 359 (8th Cir.1988). "Accordingly, the sweep of any subsequent judicial complaint may be as broad as the scope of the EEOC investigation 'which could reasonably be expected to grow out of the charge of discrimination.'" Id. (quoting Griffin v. Carlin, 755 F.2d 1516, 1522 (11th Cir.1985)). The Eighth Circuit has further explained:

> We do not require that subsequently-filed lawsuits mirror the administrative charges. See Nichols v. Am. Nat'l Ins. Co., 154 F.3d 875, 886 (8th Cir.1998) ("A Title VII plaintiff must file a charge of discrimination with the EEOC before bringing a civil suit, but the scope of the subsequent action is not necessarily limited to the specific allegations in the charge."). However, "the sweep of any subsequent judicial complaint may be [only] as broad as the scope of the EEOC 'investigation which could reasonably be expected to grow out of the charge of discrimination.'" Cobb v. Stringer, 850 F.2d 356, 359 (8th Cir.1988) (quoting Griffin v. Carlin, 755 F.2d 1516, 1522 (11th Cir.1985)). *"Allegations outside the scope of the EEOC charge ... circumscribe the EEOC's investigatory and conciliatory role, and for that reason are not allowed."* Kells v. Sinclair Buick-GMC Truck, Inc., 210 F.3d 827, 836 (8th Cir.2000); accord Watson v. O'Neill, 365 F.3d 609, 614 (8th Cir.2004) ("As in Williams, Watson's failure to make an assertion of retaliatory motive in relation to his non-selection as a Building Manager Specialist is fatal to his attempt to resurrect the issue."); Williams, 21 F.3d at 223 ("'Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge.'" (quoting Babrocky v. Jewel Food Co. & Retail Meatcutters, 773 F.2d 857, 863 (7th Cir.1985))).

Duncan v. Delta Consol. Indus., 371 F.3d 1020, 1024 (8th Cir. 2004) (emphasis added).

First, the court finds that Plaintiff does not sufficiently plead that the substance of the charge which she made before the EEOC in October 2005 is the same as the substance of the Complaint in the matter under consideration; she makes only a conclusory statement and has not attached to her Complaint a copy of the charge which she filed with the EEOC. Id. As such, the court finds, to the extent that Plaintiff alleges violations of Title VII, that Plaintiff has failed to plead that she has

4

exhausted her administrative remedies. The court finds, therefore, that the Complaint should be dismissed without prejudice to Plaintiff's legal rights. See Conley, 355 U.S. at 45-46.

Additionally, while the Supreme Court held in Nevada Department of Human Resources v. Hibbs, 538 U.S. 721 (2003), that Congress successfully abrogated state sovereign immunity with regard to the family-care provision of the FMLA, 29 U.S.C. § 2612(a)(1)(A)-(C), the Court did not apply that finding to the self-care provisions of the FMLA, § 2612(a)(1)(D). The Eighth Circuit holds that provisions of the FMLA which address one's own serious health conditions are not a valid exercise of Congress's power under Section Five of the Fourteenth Amendment to abrogate sovereign immunity of states. Townsel v. Missouri, 233 F.3d 1094, 1095 (8th Cir. 2000). See also Brockman v. Wyoming Department of Family Services, 342 F.3d 1159, 1165 and 1165 n.3 (10th Cir. 2003) ("Because the Supreme Court's analysis in Hibbs turned on the gender-based aspects of the FMLA's § 2612(a)(1)(C), the self-care provision in subsection (D) is not implicated by that decision.") (citing Townsel, 233 F.3d at 1095); Touvell v. Ohio Dept. of Mental Retardation and Developmental Disabilities, 422 F.3d 392, 400 (6th Cir. 2005) ("We do not believe that Hibbs undermines the holdings of the First, Second, Fourth, Tenth, and Eleventh Circuits that the self-care provision of the FMLA is unconstitutional insofar as it purports to abrogate state sovereign immunity."), cert. denied (126 S.Ct. 1339 (2006).

The Missouri Department of Mental Health exists pursuant to Article IV, Section 12 of the Missouri Constitution which provides for the executive department and which states that there shall be a department of mental health. Mo. Rev. Stat. § 630.003.1 statutorily creates the Department of Mental Health. The Division of Mental Retardation and Developmental Disabilities is within the Department of Mental Health. Defendant Bellefontaine Habitation Center is a facility administered by the Division of Mental Retardation and Developmental Disabilities.

To the extent that Plaintiff in the matter under consideration alleges that Defendant violated the FMLA, Plaintiff alleges that it did so in regard to her own serious medical condition. Because Defendant is an entity of the State of Missouri and because any claim which Plaintiff makes pursuant to the FMLA relates to her own serious medical condition, the court finds that Defendant is entitled to immunity under the Eleventh Amendment. As such, the court finds, to the extent Plaintiff alleges a violation of the FMLA, that she has failed to state a cause of action and that her Complaint should be dismissed with prejudice. [3]

## CONCLUSION

The court finds that, to the extent that Plaintiff alleges violations of Title VII, the Complaint should be dismissed without prejudice and, to the extent that she alleges violations of the FMLA, that the Complaint should be dismissed with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is **GRANTED**. [Doc. 12]

/s/ Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of April, 2006.

---

[3] Because the court has found that Plaintiff's Complaint should be dismissed on other grounds it need not address Defendant's argument that the Complaint should be dismissed as untimely.